| | |
|---|---|
| **BRANDON OMAR GRAHAM,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **O R D E R** |
| ) | |
| **ROBERT J. WEISNER. Administrator** ) | |
| **of Alexander Correctional Institution** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

    **THIS MATTER** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1), the State's Motion for Summary Judgment (Document No. 3) and Petitioner's Response to Respondent's Motion for Summary Judgment (Document No. 4.)  For the reasons stated herein, the Respondent's Motion for Summary Judgment will be Granted and Petitioner's Petition for Writ of Habeas Corpus will be Denied.

## I. Procedural Background

    On May 13, 2002 Petitioner was convicted after trial by jury of two counts of armed robbery and two counts of kidnapping.  Petitioner was sentenced to two consecutive terms of 50 months to 69 months imprisonment.  Petitioner appealed to the North Carolina Court of Appeals, which found no error in a unanimous, unpublished opinion dated May 4, 2004.  On June 3 2004 Petitioner filed a petition for discretionary review of the decision of the North Carolina Court of Appeals.  Such petition was denied on August 12, 2004.  See State of North Carolina v. Graham, 358 N.C. 735 (2004).  Petitioner filed the instant Petition alleging that he received ineffective assistance of counsel

at trial for various reasons and that he was denied a fair trial due to prosecutorial misconduct on the basis of the prosecutor's use of perjured testimony from co-defendant, Scott Hemphill.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state

court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

#### A. Ineffective Assistance of Counsel

Petitioner contends that his trial counsel was ineffective because: (1) he failed to research the criminal record of co-defendant, Scott Hemphill; (2) he failed to expose Scott Hemphill's untruthful testimony; and (3) he failed to investigate possible methods of impeaching the State's witness.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing, Strickland, 466 U.S. at 697.

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999).

Rather, the Court "can only grant relief under ... Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

This Court may presume that trial counsel was competent in his researching of criminal records, cross examining of witnesses and investigating of the case. The burden os on the Petitioner to demonstrate a constitutional violation. Id. at 689. Petitioner has not established that his counsel was ineffective. His allegations are unsupported and conclusory. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.", cert. denied, 507 U.S. 923 (1993).

Decisions on whether and how to conduct cross-examination are tactical decisions, that must be viewed from the vantage point of trial and not from hindsight. Although trial counsel, in his cross examination of Hemphill, did not inquire about two misdemeanor convictions, his overall performance was that of a strong advocate. Furthermore, Hemphill testified that he had participated in the robberies before the trial court and that he had been convicted of those offenses as a co-defendant. (Transcript at 58-60.) Given this connection to the robberies before the Court, Hemphill could not have been a sympathetic witness in the eyes of the jury. Whether and to what extent to cross examine a witness regarding his past criminal misdemeanor convictions is a tactical decision left to the discretion of counsel. Counsel is entitled wide latitude in making tactical decision such as this. In short, Petitioner has not established either prong of the Strickland as to his conclusory claims of ineffective assistance of counsel. Therefore, Petitioner's claim of ineffective assistance of counsel

is denied.

Additionally, Petitioner raised the substance of this ineffective assistance of counsel claim before the North Carolina Court of Appeals. The Court of Appeals adjudicated and denied the claim on the merits and the opinion contains a through analysis and rejection of Petitioner's ineffective assistance of counsel claim. The opinion states in pertinent part;

> We move then to defendant's next argument that he received ineffective assistance of trial counsel, in that counsel failed to investigate the criminal history of codefendant Scott Hemphill. Specifically, defendant contends, "Such an investigation would have yielded impeachment material and allowed defense counsel to expose Hemphill as a liar when he denied having a criminal record.."
>
> Initially, we note that ineffective assistance of counsel claims are generally better suited to examination on motion for relief in the superior court. See State v. Dockery, 78 N.S. App. 190, 192, 336 S.E. 2d 719, 721 (1985) ("The accepted practice is to raise claims of ineffective assistance of counsel in post-conviction proceedings, rather than direct appeal.") However, where as in this case, the merits of the claim can be decided on a cold record, which needs no further investigation, this Court will pass upon the claim. See State v. Long, 354 N.C. 534, 540, 557 S.E.2d 89, 93 (2001).
>
> To prevail on a claim of ineffective assistance of counsel, the defendant must show the following: (1) "that counsel's performance fell below an objective standard of reasonableness," and (2) "that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error." State v. Blakeney, 352 N.C. 287, 307-08, 531 S.E. 2d 799, 814-15 (2000), cert. denied, 531 U.S. 1117, 148 L. Ed. 2d 780, 121 S. Ct. 868 (2001); and State v. Braswell, 312 N.C. 553, 561-62, 324 S.E. 2d 241, 248 (1985)), cert. denied, 531 U.S. 1117, 148 L. Ed. 2d 780, 121 S. Ct. 868 (2001). In Braswell, our Supreme Court explained that the defendant must show more than mere deficient performance by counsel, but that "'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" Id. at 562, 324 S.E. 2d at 248 (quoting Strickland v. Washington, 466 U.S. 668, 687, 80 L.Ed. 2d 674, 693, 104 S. Ct. 2052 (1984)). Mere allegations surrounding matters of trial tactics, without more, are not sufficient to meet the test ser forth in Strickland and its progeny. State v. Piche, 102 N.C. App. 630, 638, 403 S.E. 2d 559, 564 (1991).
>
> The record does not show dispositively that trial counsel did not investigate Hemphill's

criminal record. Significantly, when trial counsel questioned Hemphill about his prior record, counsel specifically asked him about crimes punishable by more than 60 days in jail. As it turns out, Hemphill had previously pled guilty to two misdemeanors - - neither of which were punishable by a sentence of more than 60 days. Counsel did not inquire about those other crimes, and it is unclear whether he was aware of the convictions, or had simply made a tactical decision not to bring them up. Further, even if, as defendant contends, counsel did not investigate Hemphill's criminal history, defendant cannot show that such failure constituted a deficient performance as contemplated by the first prong of the Strickland test. Finally, even if counsel's performance was below the level guaranteed by the Sixth Amendment, defendant could not show that the performance prejudiced him.

Here, the jury had evidence that Hemphill committed the robbery in question. Therefore, it is doubtful that further knowledge of his conviction of two misdemeanors would have affected the jury's opinion of the witness's credibility. In addition, notwithstanding Hemphill's testimony, the jury still had before it the testimony of two of the victims and an eyewitness that tended to show that defendant committed the 19 May 2001 robberies and kidnappings. We conclude that defendant cannot make out a claim for ineffective assistance of counsel.

(State of N.C. v. Graham, 2004 N.C. App. LEXIS 683 * 5,6.)

The North Carolina Court of Appeals found that petitioner could not satisfy the two-part test

set forth in Strickland v. Washington, and adopted by the State of North Carolina in State v. Braswell,

312 N.C. 553 (1985). This Court has reviewed the Court of Appeals decision as well as the record

in this matter and concludes that the North Carolina Court of Appeals decision regarding Petitioner's

ineffective assistance of counsel claims is correct and did not result in a decision contrary to, or

involve and unreasonable application of, clearly established law as determined by the Supreme Court

of the United States, i.e., Strickland v. Washington. See also, Hill v. Lockhart, 474 U.S. 52 (1985).

Furthermore, the state court adjudication is not based on an unreasonable determination of facts, in

light of the evidence presented in the state trial court proceedings. Therefore, Petitioner's ineffective

assistance of counsel claim is denied pursuant to the deferential standards of review contained in 28

U.S.C. § 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement

that the state court specifically cite United States Supreme Court precedent in its order, so long as its

ultimate adjudication is not contrary to, nor involves as unreasonable application of clearly

6

established federal law. <u>Thomas v. Taylor</u>, 170 F.3d 466, 475 (4th Cir.)("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion.", <u>cert</u>. <u>denied</u>, 119 S.Ct (1999). Petitioner's ineffective assistance of counsel claim is without merit and is also denied pursuant to § 2254(d) and (e).

### B. Prosecutorial Misconduct

Petitioner contends that he was denied a fair trial due to prosecutorial misconduct on the basis of the prosecutor's use of perjured testimony from co-defendant, Scott Hemphill. In support of this claim, Petitioner asserts the prosecutor used perjured testimony from co-defendant, Scott Hemphill that he had never been convicted of two misdemeanor offenses.

A conviction acquired through the knowing use of perjured testimony by the Government violates due process. <u>Napue v. Illinois</u>, 360 U.S. 264(1959). This is true regardless of whether the Government solicited testimony it knew or should have known to be false or simply allowed such testimony to pass uncorrected. <u>United States v. Agurs</u>, 427 U.S. 97 (1976); <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Even if the false testimony relates only to the credibility of a Government witness and other evidence has called that witness' credibility into question, a conviction must be reversed when "there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." <u>Agurs</u>, 427 U.S. at 103; accord <u>Napue</u>, 360 U.S. at 269-70. This is so because "the jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's like or liberty may depend," <u>Napue</u>, 360 U.S. at 269; <u>United States v. Kelly</u>, 35 F.3d 929, 933-38 (4th Cir. 1994).

However, the Supreme Court refined this standard in <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995), explaining that "the question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." <u>Id</u>. at 434. The Court further emphasized that it was not a sufficiency issue, but rather an issue of whether all of the "favorable evidence could reasonably be taken to put the whose case in such a different light as to undermine confidence in the verdict. <u>Id</u>. at 435.

A review of the record in this case, reveals that on cross examination, Petitioner's trial counsel asked co-defendant Hemphill whether he had plead guilty to or been convicted of any crimes for which he could have been sentenced to more than 60 days. (Transcript at 59.) Hemphill stated that he had been convicted of two robberies currently before the court for which he could have sentenced to more than 60 days. Hemphill did not admit the fact that he had been convicted of two misdemeanors for which he could have been sentenced to less than 60 days. However, he did mention "resisting arrest or something like that." (<u>Id</u>. At 59.) On re-direct, the prosecutor attempted to clarify Hemphills' response by asking whether the two robberies he had pled guilty to were for the case before the Court. (Transcript at 60.) Hemphill stated that the two robberies he mentioned were robberies currently before the court, however, he did not admit the fact that he had been convicted of two misdemeanors. The record does not support the misconduct that Petitioner alleges. While he witness could have been more forthcoming, it appears that he did answer the specific questions posed to him. Moreover, the exchange between the witness and the prosecutor does not establish that the prosecutor was purposely being deceptive in the testimony he elicited.

Furthermore, Petitioner raised the substance of this prosecutorial misconduct claim before the

North Carolina Court of Appeals. The Court of Appeals adjudicated and denied the claim on the merits and the opinion contains a through analysis and rejection of Petitioner's prosecutorial misconduct claim. The opinion states in pertinent part;

> On appeal, defendant argues that he was deprived of a fair trial when the prosecutor failed to correct certain testimony of codefendant Scott Hemphill on cross-examination and then elicited further false testimony from Hemphill on redirect examination. Defendant has not, however, properly preserved this issue for appellate review. Where a defendant assigned plan error but fails to specifically argue that there is plain error in his brief, the argument is not properly before the Court. See States v. Grooms, 353 N.C. 50, 66, 540 S.E.2d 713, 723 (2000), cert. denied, 534 U.S. 838, 151 L. Ed. 2d 54, 122 S. Ct 93 (2001), State v. McNeil, 350 N.C. 657, 681, 518 S.E. 2d 486, 501 (1999), cert. denied, 529 U.S. 1024, 146 L. Ed. 2d 321, 120 S. Ct. 1432 (2000).
>
> Assuming, however, that this issue was properly before the Court, the record does not show the "knowing use" of "materially false testimony" by the prosecutor that would entitle defendant to a new trial. See State v. Morgan, 60 N.C. App. 614, 622, 299 S.E.2d 823, 828 (1983) ("knowing use by the prosecutor of materially false testimony violates a defendant's right to a fair trial. This is true whether the evidence is solicited by the prosecutor or is simply allowed to stand uncorrected when it appears."). After throughly examining the testimony here, we conclude that the exchange between defense counsel on cross-examination and the instant witness, and the subsequent exchange between the prosecutor and the witness on redirect examination do not necessarily show deception on the part of the witness, and certainly not of the nature that such deception would be apparent to the prosecutor. Accordingly, defendant cannot show entitlement to a new trial.

(States of N.C. v. Graham, 2004 N.C. App. LEXIS 683 * 4,5.)

This Court has reviewed the Court of Appeals decision as well as the record in this matter and concludes that the North Carolina Court of Appeals decision regarding Petitioner's prosecutorial misconduct claim is correct and did not result in a decision contrary to, or involve and unreasonable application of, clearly established law as determined by the Supreme Court of the United States. Neither Napue, nor any other United States Supreme Court precedent mandates a new trial for Petitioner, under the circumstances of this case. Furthermore, the state court adjudication is not based on an unreasonable determination of facts, in light of the evidence presented in the state trial court proceedings. Therefore, Petitioner's prosecutorial misconduct claim is denied pursuant to the

deferential standards of review contained in 28 U.S.C. § 2254(d) and (e). See Williams v. Taylor, 529 U.S. 362 (2000). There is no requirement that the state court specifically cite United States Supreme Court precedent in its order, so long as its ultimate adjudication is not contrary to, nor involves as unreasonable application of clearly established federal law. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir.)("[T]he phrase 'adjudication on the merits' in section 2254(d) excludes only claims that were not raised in state court, and not claims that were decided in state court, albeit in a summary fashion.", cert. denied, 119 S.Ct (1999). Petitioner's prosecutorial misconduct claim is without merit and is also denied pursuant to § 2254(d) and (e).

### IV. Order

For the foregoing reasons, it is hereby ordered that Respondent's Motion for Summary Judgement is GRANTED and Petitioner's Habeas Petition is DENIED and DISMISSED.


**SO ORDERED**.


Signed: September 6, 2007

Graham C. Mullen
United States District Judge